LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: 702-454-4900
Fax: 702-938-1055
Email: bob@spretnak.com

GARCIA-MENOCAL & PEREZ P.L.
Anthony J. Perez, Esq. (pro hac vice pending)
350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: 305-553-3464
Fax: 305-553-3031
Email: ajperez@lawgmp.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MEGGS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DROCK GAMING, LLC, and<br>CIRCA HOSPITALITY GROUP II LLC,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-1117<br><br>**COMPLAINT** |

Plaintiff, JOHN MEGGS, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LCC (hereinafter "Defendants"), and as grounds alleges:

**JURISDICTION, PARTIES. AND VENUE**

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202,

and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, JOHN MEGGS ("Plaintiff," or "Mr. Meggs") is a California resident, an individual over eighteen years of age, and is otherwise *sui juris*.

5. At all times material, Defendant, DROCK GAMING, LLC, was and is a Limited Liability Company, organized under the laws of the state of Nevada.

6. At all times material, Defendant, DROCK GAMING, LLC, owned and operated a commercial property location at 301 Fremont Street, Las Vegas, Nevada (hereinafter the "Commercial Property") and holds itself out to the public as "The D Las Vegas".

7. At all times material, Defendant, CIRCA HOSPITALITY GROUP II LLC was and is Domestic Limited-Liability Company, organized under the laws of the state of Nevada.

8. At all times material, Defendant, CIRCA HOSPITALITY GROUP II LLC, owned and operated a commercial property location at 301 Fremont Street, Las Vegas, Nevada.

9. Venue is properly located in the District of Nevada because Defendants' Commercial Property is located in Las Vegas, Nevada. Defendants regularly conduct business within Las Vegas, Nevada, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Las Vegas, Nevada.

**FACTUAL ALLEGATIONS**

10. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the businesses therein, including the hotel, casino, restaurants and bars located within the commercial property.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR § 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, JOHN MEGGS, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, JOHN MEGGS, is, among other things, a paraplegic and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate and uses a manual wheelchair.

14. Defendants, DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LLC, own, operate and oversee the Commercial Property and its tenants, its general parking lot and parking spots specific to the businesses therein, to include the common areas and it owns, operates and oversees said Commercial Property located in Las Vegas, Nevada, that is the subject of this Action.

15. DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LLC own and operate a place of public accommodation with a multitude of different offerings to the public including a hotel, casino, and multiple bars and restaurants.

16. The subject Commercial Property is open to the public and is located in Las Vegas, Nevada. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or December 30, 2022, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other businesses located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the businesses therein, if the property/businesses become accessible.

17. Plaintiff visited the Commercial Property as a patron/customer, regularly visits the Commercial Property and businesses within the Commercial Property as a patron/customer and intends to return to the Commercial Property and businesses therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends time in and near Las Vegas, Nevada, visiting the area an average of once a month, in the same state as the Commercial Property, and intends to return to the property on or about two (2) months' time of the filing of this Complaint.

18. Plaintiff, Mr. Meggs frequently visits Las Vegas, Nevada to visit his two (2)

1  daughters and to enjoy the variety of dining and entertainment offerings within the area.  Mr. Meggs
2  also visits with close friends and acquaintances who reside in the Las Vegas area.

3        19.    The property at issue here is located near his daughters' homes, the property is
4  approximately 3 and a half (3 ½) miles from one of his of his daughters' homes and approximately
5  four and a half (4 ½) miles from this other daughter's home, where Mr. Meggs spends significant
6  amounts of time during his frequent visits to Las Vegas, Nevada.

7        20.    Plaintiff found the Commercial Property to be rife with ADA violations.  Plaintiff
8  encountered architectural barriers at the Commercial Property and wishes to continue his patronage
9  and use of the premises.

10        21.    Plaintiff, JOHN MEGGS, has encountered architectural barriers that are in violation
11  of the ADA at the subject Commercial Property and businesses therein.  The barriers to access at
12  Defendants' Commercial Property and businesses within the Commercial Property have each denied
13  or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.  The
14  barriers to access, which are set forth below, have likewise posed a risk of injury(ies),
15  embarrassment, and discomfort to Plaintiff, JOHN MEGGS, and others similarly situated.

16        22.    Defendants, DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LLC,
17  own and/or operate a place of public accommodation as defined by the ADA and the regulations
18  implementing the ADA, 28 CFR §§ 36.201 (a) and 36.104.  Defendants are responsible for
19  complying with the obligations of the ADA. The place of public accommodation that Defendants
20  own and operate is the Commercial Property with the hotel, casino, restaurants and bars located at
21  301 Fremont Street, Las Vegas, Nevada.

22        23.    Plaintiff, JOHN MEGGS, has a realistic, credible, existing and continuing threat of
23  discrimination from the Defendants' non-compliance with the ADA with respect to the described
24  Commercial Property the casino, hotel, restaurants and bars and businesses therein, but not
25  necessarily limited to the allegations in this Complaint.  Plaintiff has reasonable grounds to believe
26  that he will continue to be subjected to discrimination at the Commercial Property and the businesses
27  located within the Commercial Property, in violation of the ADA.  Plaintiff desires to visit the
28  Commercial Property and businesses located within the Commercial Property, not only to avail

himself of the goods and services available at this Commercial Property and businesses therein, but to assure himself that the property and businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

## ADA VIOLATIONS

### (As to DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LLC)

24.     Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25.     Defendants, DROCK GAMING, LLC, and CIRCA HOSPITALITY GROUP II LLC, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq.*

26.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

**Common Areas**

A.  Parking and Exterior Accessible Route

    i.   Accessible spaces on level 4 of the parking area lack compliant aisles, they are no access aisles (< 60 inches wide) thereby impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

    ii.  Accessible spaces on level 7 of the parking area lack compliant aisles, they are no access aisles (< 60 inches wide) thereby impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

    iii. Accessible spaces on level 8 of the parking area lack compliant aisles, they

        are no access aisles (< 60 inches wide) thereby impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

    iv.    Accessible spaces on level 9 of the parking area lack compliant aisles, they are no access aisles (< 60 inches wide) thereby impeding John Meggs from unloading and violating the ADAAG and ADAS Section 502.

    v.    The D Casino & Hotel has 0 van spaces where > 0 are required preventing John Meggs and other disabled patrons safe unloading from vans violating ADAAG Section 4.1.2 (5)(b) and Section 502 of the 2010 ADAS.

    vi.    John Meggs was unable to find signs as they were posted at insufficient heights of 24 inches (< 60 inches AFF) violating ADAAG Section 4.6 and ADAS Section 502.

    vii.    Van spaces or approach routes at The D Casino & Hotel lack proper vertical clearance (98 inches) preventing John Meggs's access violating the ADAAG and 2010 ADAS Section 502.5.

B.    <u>Entrance Access and Path of Travel</u>

    i.    Ramp at The D Casino & Hotel is > 6 feet in length and lacks compliant handrails or extensions violating Section 4.8 of the ADAAG and Section 405.8 of the 2010 ADAS.

    ii.    Inaccessible entrance at The D Casino & Hotel near the route to the second floor, lacks directional signage to nearest accessible door, violating the ADAAG and Section of the 2010 ADAS.

    iii.    Inaccessible entrance at The D Casino & Hotel near the route to the second floor casino, lacks directional signage to nearest accessible door, violating the ADAAG and Section of the 2010 ADAS.

C.    <u>Access to Goods and Services</u>

    i.    Counters at the front desk are >36 inches in excess of 36 inches, preventing John Meggs from using, in violation of Section 7.2(1) of the ADAAG.

    ii.    Counters at the cashier are >36 inches in excess of 36 inches, preventing John

|   |   |   |   |
|---|---|---|---|
| 1 | | | Meggs from using, in violation of Section 7.2(1) of the ADAAG. |
| 2 | | iii. | Counters at the car rental area are >36 inches in excess of 36 inches, preventing John Meggs from using, in violation of Section 7.2(1) of the ADAAG. |
| 5 | | iv. | Pool areas lack proper entry components, lack compliant surfaces and/or accessible routes to use or observe, preventing use by John Meggs, in violation of the ADA and 2010 ADAS Section 1009. |
| 8 | D. | | Restrooms |
| 9 | | i. | Sink knee clearance < 27 inches (27 inches minimum at 8 inches deep) prevents John Meggs from accessing sink, which violates ADAAG and 2010 ADAS Sec. 306. |
| 12 | | ii. | Stall door is not self-closing and/or lacks proper hardware, preventing use by John Meggs, violating 2010 ADAS Sec. 604. |
| 14 | | iii. | Grab bars extends < 54 inches from rear wall, violating the ADAAG and 2010 ADAS Sections 604 and 609, creating a hazardous condition for John Meggs. |
| 17 | | iv. | Toilet has improper centerline > 18 inches from side wall; (16 inches to 18 inches), denying access to John Meggs, violating the 2010 ADAS. |
| 19 | E. | | Accessible Guest Rooms and Suites |
| 20 | | i. | Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding John Meggs, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404. |
| 23 | | ii. | Doors to enter, exit or use the accessible room bathroom lack requisite maneuvering clearance for users of mobility aids, impeding John Meggs, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404. |
| 26 | | iii. | Maneuvering space at bed(s) 28 inches (36 inches minimum) on sides or between two beds, prevents John Meggs's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008. |

    iv.    Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48 inches AFF Inaccessible design, violating the ADAAG and 2010 ADAS Sections 308 and 309.

    v.    Accessible toilet in accessible guestroom bathroom centerline of 27 inches (16 inches-18 inches) from adjacent side wall, preventing John Meggs from safely using the grab bars.

    vi.    Toilet in accessible bathroom's side wall grab bar is not at least 42 inches long and 54 inches minimum from the rear wall mounted at 33 inches-36 inches AFF Extends < 54 inches from rear wall, preventing safe use to John Meggs.

    vii.    Accessible guestroom bathroom lavatory drain, and hot water pipes are not insulated or otherwise configured to protect against contact, creating a hazardous condition for John Meggs, violating the ADAAG and 2010 ADAS Section 606.

    viii.    Roll-in shower is not 30 inches wide by 60 inches long or 36 inches wide by 60 inches < 60 inches, as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use John Meggs.

    ix.    Roll-in shower lacks a securely fastened folding seat at 17 inches-19 inches AFF for John Meggs to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

    x.    Small showers provided in accessible guestrooms/suites do not measure exactly 36 inches wide by 36 inches deep, lack a seat between 17 inches to 19 inches AFF, and a 36 inches wide by 48 inches long clear floor space inaccessible design directly outside the shower to transfer as shown in 2010 ADAS Figures 608.2.1.

    xi.    Mirror bottom-reflecting surface at The D Casino & Hotel is 44 inches AFF > 40 inches AFF maximum, violating the 2010 ADAS Section.

    xii.    Toilet flush valve at The D Casino & Hotel not mounted on wide side,

1           preventing use by John Meggs, violating Section 604 of the 2010 ADAS.

**American Coney Island**

    F.    Access to Goods and Services

        i.    Counters are >36 inches in excess of 36", preventing John Meggs from using, in violation of Section 7.2(1) of the ADAAG.

        ii.    Table knee and toe space is, high (27 inches min) and < 17 inches deep (17 inches min), preventing use by John Meggs.

**D Bar**

    G.    Access to Goods and Services

        i.    Counters are >36 inches in excess of 36 inches, preventing John Meggs from using, in violation of Section 7.2(1) of the ADAAG.

**Longbar**

    H.    Access to Goods and Services

        i.    Facility at The D Casino & Hotel serves food or drink with < 5% (< 5%) of seating spaces at tables and counters being accessible preventing use by John Meggs, violating the ADAAG and Section of the 2010 ADAS.

**RELIEF SOUGHT AND THE BASIS**

27.    The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, JOHN MEGGS, from further ingress, use, and equal enjoyment of the Commercial Property and the businesses therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation

plan to address Plaintiff's request for injunctive relief.

28. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities, privileges, benefits, programs and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR § 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

31. While Defendants, DROCK GAMING LLC, and CIRCA HOSPITALITY GROUP II LLC, as landlords and owners of the Commercial Property Business, are primarily responsible for all ADA violations listed in this Complaint. Tenants and landlords can be held jointly and severally

liable for ADA violations.

32. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their business, located within the Commercial Property located in Las Vegas, Nevada, the interiors, exterior areas, and the common exterior areas of the Commercial Property, the hotel, casino, restaurants, and bars, and other businesses therein to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, JOHN MEGGS, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

DATED:  17 July 2023.

          Respectfully submitted,

          LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
     Robert P. Spretnak, Esq. (Bar No. 5135)

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

GARCIA-MENOCAL & PEREZ P.L.

By: Anthony J. Perez, Esq.
    (pro hac vice pending)

350 Sevilla Avenue, Suite 200
Coral Gables, Florida 33134

Attorneys for Plaintiff